UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JONATHAN SMITH,

                         Plaintiff,

- against –

THE COUNTY OF NASSAU, CORPORAL C.
ACCORDINO [Shield No. 287], CORRECTION
OFFICER WEIS [Shield No. 2796], CORRECTION
OFFICER STEELE [Shield No. Unknown] CORRECTION
OFFICERS JOHN DOES 1-5, and DETECTIVE
DARREN J. COUGHLIN, [Shield 1335] in their
individual and official capacities as Peace Officers
employed by the County of Nassau,

                         Defendants.

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

------------------------------------------------------------------------X

     Plaintiff, by his attorney, ANDREW F. PLASSE & ASSOCIATES, LLC, as and for his Complaint, hereby alleges and shows to the Court the following:

     1. Plaintiff Jonathan Smith hereby brings this action against the County of Nassau, Corporal C. Accordino, Correction Officer Weis, Correction Officer Steele, Correction Officers designed at John Does 1-5 and Detective Darren J. Coughlin, in their individual and official capacities as Peace Officers employed by the City of New York for damages arising out of unconstitutional policies and actions arising out of an alleged excessive use of force incident which occurred on January 21, 2016, denial of medical treatment from January 21, 2016 to January 26, 2016, for false arrest on September 8, 2017 and for malicious prosecution occurring on January 3, 2018.

     2. Plaintiff brings this action against the defendants to redress the deprivation of rights secured to him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the

United States Constitution, and 42 U.S.C Section 1983. This court has Jurisdiction over a Federal Question. No amount in controversy is required to be plead.

3. To the extent State Law Claims are made, this court has pendent jurisdiction over those causes of action.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1331, 1332, and 1343(a) (3) and 42 U.S.C. Section 1983.

5. Venue is proper in this District pursuant to 28 U.S.C. 1381.

6. At all times hereinafter mentioned the defendants Corporal C. Accordino, Correction Officer Weis, Correction Officer Steele, Correction Officers designed at John Does 1-5 were employed as Nassau County Correction Officers and Detective Darren J. Coughlin was employed as a Nassau County Police Officer and acted under color of state law or a statute, ordinance, regulation or custom.

7. The designation "John Does" indicate that the names of the Correction Officers are currently unknown. Plaintiff intends to discover the identities of these individuals.

8. Upon information and belief, defendant County of Nassau was and now is, a municipal corporation, existing under and incorporated under the laws of the State of New York, located in Garden City, New York. Its County Attorney is located at One West Street, Mineola, NY 11501.

9. That heretofore the Plaintiff caused a Notice of Claim, in writing, sworn to by and on behalf of the Plaintiff, to be duly served upon the defendant County of Nassau by delivering a copy thereof to the County Attorney of Nassau County, which said Notice of Claim set forth the name and post office address of the said Plaintiff, the nature of the

claim, the time when, the place where and the manner in which said claim arose and the items of damages or injuries claimed to have been sustained so far as then practicable; that at least ninety [90] days have elapsed since the service of said Notice of Claim and payment thereof has been refused; and that this action is being commenced within one year and ninety days after the occurrence of the event upon which this claim is based.

10. That upon information and belief, the County of Nassau owned, operated, controlled and maintained the Nassau County Police Department by charter, or by law, under provisions of the State and/or County of Nassau.

11. Plaintiff has complied with the provisions of the PLRA prior to commencement of this suit and/or to the extent applicable, plaintiff was no longer in the custody of the County of Nassau after January 26, 2016 and not required to comply, and/or was threatened with retaliation and/or in the Special Housing Unit with no access to Grievance Procedures from January 21, 2016 to January 26, 2016 and/or the matter was investigated by Internal Affairs.

## STATEMENT OF FACTS

12. On January 21, 2016 at approximately 2:00 p.m., in the Nassau County Jail, 100 Carman Ave., East Meadow, New York, plaintiff was called to the medical department for dental treatment.

13. As he headed to medical, Corporal Accordino assaulted and battered him.

14. Correction Officer Steele and Correction Officer Weis terminated the incident.

15. Plaintiff was handcuffed while face down on the floor.

16. After plaintiff was handcuffed, with his hands behind his back, and lying on his stomach, Corporal Accordino struck plaintiff in the head.

17. Corporal Accordino then held plaintiff's right eye open and sprayed a chemical agent into his eye.

18. Corporal Accordino then punched plaintiff in the head and started kicking the handcuffed plaintiff repeatedly in the eye, face, head and other body parts.

19. Correction Officers Steele and Weis then punched, kicked and assaulted and battered the plaintiff while he was handcuffed.

20. Plaintiff was picked up by Defendants Accordino, Steele and Weis, was forcefully taken back into his cell, during which time he was continually assaulted and battered.

21. Plaintiff was locked in his cell for thirty minutes, while handcuffed and injured.

22. Plaintiff was then taken to the infirmary and told he would have to be hospitalized.

23. Plaintiff was taken to Nassau University Medical Center where he was diagnosed with fractures.

24. Plaintiff was returned to the Nassau County Jail, where he remained in the infirmary for the night.

25. The next day plaintiff was put in the Box, where he stayed until January 26, 2016, a period of five days, without medical treatment despite requests to Correction Officers John Does 1-5.

26. Plaintiff was then shipped to Downstate Correctional Facility while his condition had not stabilized.

27. NYSDOCCS immediately referred him to Westchester Medical Facility for medical treatment.

28. Plaintiff was released from State Prison.

29. On September 8, 2017, plaintiff was arrested at his home in Long Beach, NY and charged with Assault in the Second Degree pursuant to a Felony Complaint sworn to by Det. Darren J. Coughlin based on statements from C. Accordino for the incident which occurred on January 21, 2016.

30. On December 22, 2017, the charges of Assault in the Second Degree were dismissed pursuant to CPL 170.30(1)(f).

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS CORPORAL ACCORDINO, CORRECTION OFFICER WEIS and CORRECTION OFFICER STEELE, JOINTLY AND SEVERALLY, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:**

31. Upon information and belief, the actions taken as aforesaid by Corporal Accordino, Correction Officer Weis and Correction Officer Steele, on January 21, 2016 by assaulting and battering the plaintiff while he was handcuffed, causing him to sustain fractures, constituted excessive force, in violation of the Fourth and Eighth Amendments and a deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments.

32. Upon information and belief, Corporal Accordino, Correction Officer Weis and Correction Officer Steele acted with actual malice toward the Plaintiff and with

willful and wanton indifference and deliberate disregard for the statutory and constitutional rights of the plaintiff.

33. Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

34. That by virtue of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION [$5,000,000.00] DOLLARS.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS CORPORAL ACCORDINO, CORRECTION OFFICER WEIS and CORRECTION OFFICER STEELE, JOINTLY AND SEVERALLY, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:**

35. Upon information and belief, the actions taken as aforesaid by Corporal Accordino, Correction Officer Weis, Correction Officer Steele, in denying the plaintiff prompt medical treatment for his fractures and chemical spray injury, and the intentional delay in providing prompt medical attention, resulted in the Plaintiff sustaining severe personal injuries.

36. That the defendants Corporal Accordino, Correction Officer Weis and Correction Officer Steele  participated in the denial of prompt adequate medical care

and/or had knowledge that plaintiff was receiving inadequate prompt medical care and declined to remedy the situation.

37. That this treatment constituted deliberate indifference in violation of the Fifth and Fourteenth Amendment, denial of prompt medical treatment, and a deprivation of liberty without due process of law and that the Plaintiff's condition was caused to worsen due to the delay in treatment, resulting pain and suffering, psychological trauma, and other severe personal injuries.

38. That by reason of the foregoing, Plaintiff has sustained personal injuries and psychological damages, and has sustained pain and suffering and will continue to sustain pain and suffering; will be permanently disabled; will be forced to spend money for medical treatment; and the Plaintiff has otherwise been damaged.

39. That by virtue of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION [$5,000,000.00] DOLLARS.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT CORPORAL ACCORDINO, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:**

40. The false arrest of the plaintiff instituted by a sworn felony complaint from Corporal Accordino resulting in the plaintiff's arrest on September 8, 2017 and detention resulted in the plaintiff's wrongful confinement and false imprisonment in violation of his constitutional rights as guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. Section 1983 for which the defendant Corporal Accordino is individually liable.

41. Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental

anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, mental anguish, inconvenience and other effects of such injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

42. That by reason of the foregoing, the plaintiff has been damaged in the amount of FIVE MILLION [$5,000,000.00] DOLLARS.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT CORPORAL ACCORDINO, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:**

43. The malicious prosecution of the plaintiff, terminating in his favor on December 22, 2017, for the charge of Assault Second, which was instituted by Corporal Accordino in retaliation for the incident occurring on January 21, 2016, which previously resulted in the plaintiff's arrest and detention, resulted in the plaintiff's wrongful confinement and false imprisonment, was in violation of his constitutional rights as guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. Section 1983 for which the defendant Corporal Accordino is individually liable.

44. Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, mental anguish, inconvenience and other effects of such injuries; and plaintiff has been and

continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

45. That by reason of the foregoing, the plaintiff has been damaged in the amount of FIVE MILLION [$5,000,000.00] DOLLARS.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT   DET. DARREN J. COUGHLIN, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:**

46. The false arrest of the plaintiff instituted by a sworn felony complaint from Det. Darren J. Coughlin, resulting in the plaintiff's arrest on September 8, 2017  resulted in the plaintiff's wrongful confinement and false imprisonment in violation of his constitutional rights as guaranteed by the Fourth, Fifth,  and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. Section 1983  for which the defendant Corporal Accordino is individually liable.

47. Detective Coughlin knew, or should have known, that the plaintiff sustained severe personal injuries in the incident resulting in his hospitalization, and that the charge that he assaulted a Correction Officer were without merit.

48. Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, mental anguish, inconvenience and other effects of such injuries;  and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

49. That by reason of the foregoing, the plaintiff has been damaged in the amount of FIVE MILLION [$5,000,000.00] DOLLARS.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT DET. DARREN J. COUGHLIN, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:**

50. The malicious prosecution of the plaintiff, terminating in his favor on December 22, 2017, for the charge of Assault Second, which was instituted by Det. Darren J. Coughlin for an incident occurring on January 21, 2016, resulted in the plaintiff's wrongful confinement and false imprisonment, was in violation of his constitutional rights as guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. Section 1983 for which the defendant Corporal Accordino is individually liable.

51. Detective Coughlin knew, or should have known, that the plaintiff sustained severe personal injuries in the incident resulting in his hospitalization, and that the charge that he assaulted a Correction Officer were without merit.

52. Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, mental anguish, inconvenience and other effects of such injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

53. That by reason of the foregoing, the plaintiff has been damaged in the amount of FIVE MILLION [$5,000,000.00] DOLLARS.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS JOHN DOES 1-5, JOINTLY AND SEVERALLY, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:

54. Upn information and belief Correction Officers John Does 1-5 were employed at the Nassau County jail from January 21, 2016 to January 26, 2016 and were in contact with the plaintiff during the aforesaid time period.

55. The delay in both proper treatment for the plaintiff's medical treatment from January 21, 2016 to January 26, 2016, and the failure to provide him with further medical treatment from January 21, 2016 to January 26, 2016 by defendants John Does 1-5, and the failure to provide plaintiff with needed surgical intervention, resulted in the Plaintiff sustaining severe personal injuries.

56. That the employees of the Defendant participated in the denial of adequate medical care and/or had knowledge that plaintiff was receiving inadequate medical care and declined to remedy the situation.

57. That defendants refused to refer plaintiff to an outside of prison medical center and doctors for prompt and adequate testing and treatment.

58. That the medical care, medical treatment, nursing care, prescriptions and treatment rendered to the Plaintiff constituted deliberate indifference in violation of the Fifth and Fourteenth Amendment, denial of prompt medical treatment, and a deprivation of liberty without due process of law and that the Plaintiff's condition was caused to worsen due to the delay in treatment, resulting pain and suffering, psychological trauma, and other severe personal injuries.

59. That by reason of the foregoing, Plaintiff has sustained personal injuries and psychological damages, and has sustained pain and suffering and will continue to sustain pain and suffering; will be permanently disabled; will be forced to spend money for medical treatment; and the Plaintiff has otherwise been damaged.

60. That by reason of the foregoing, the plaintiff has been damaged in the amount of FIVE MILLION [$5,000,000.00] DOLLARS.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT COUNTY OF NASSAU, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:**

61. That the employees of the defendant as aforesaid jointly and severally falsely arrested the plaintiff on September 8, 2017 causing him to sustain severe personal injuries.

62. That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** Plaintiff demands Judgment as follows:

I. Judgment on the First Cause of Action against defendants Corporal Accordino, Correction Officer Weis and Correction Officer Steele in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

II. Judgment on the Second Cause of Action against defendants Corporal Accordino, Correction Officer Weis and Correction Officer Steele in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

III. Judgment on the Third Cause of Action against defendants Corporal Accordino, in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

IV. Judgment on the Fourth Cause of Action against defendants Corporal Accordino, in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

V. Judgment on the First Cause of Action against defendant Det. Darren J. Coughlin in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

VI. Judgment on the Second Cause of Action against defendant Det. Darren J. Coughlin in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

VII. Judgment on the First Cause of Action against defendants John Does 1-5 in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

VIII. Judgment on the First Cause of Action against the County of Nassau in an amount which exceeds the jurisdictional limits of all lower state courts which would otherwise have jurisdiction.

IX. Punitive Damages against defendants Corporal Accordino, Correction Officer Weis and Correction Officer Steele in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

X. Together with the costs and disbursements of this action, for reasonable attorney's fees under the applicable Federal Statutes, and for such other and further relief as to this Court seems just and proper.

DATED:     November 26, 2018
           Flushing, New York

*[signature]*

ANDREW F. PLASSE & ASSOCIATES LLC
BY: ANDREW F. PLASSE
Bar Roll No.: AP-3679
Attorney for the Plaintiff
Office and P.O. Address
163-07 Depot Road, Suite 205
Flushing, NY 11358
[212] 695-5811

**DEMAND FOR JURY TRIAL IS HEREBY MADE PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

ANDREW F. PLASSE & ASSOCIATES LLC
BY: ANDREW F. PLASSE
Bar Roll No.: AP-3679
Attorney for the Plaintiff
Office and P.O. Address
163-07 Depot Road, Suite 205
Flushing, NY 11358
[212] 695-5811